IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-242-FL

| | |
|---|---|
| WENDY A. HARTWIG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 17, 19). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates issued a memorandum and recommendation ("M&R") (DE 22), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely filed an objection to the M&R and defendant did not file a response. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

On June 9, 2009, plaintiff filed an application for disability insurance benefits and supplemental social security income, alleging disability beginning April 22, 2009. The application was denied initially and upon reconsideration. A hearing was held on August 9, 2011, before an administrative law judge ("ALJ") who determined that plaintiff was not disabled in decision dated August 24, 2011. Plaintiff appealed the ALJ's decision to the appeals council. On November 30,

2012, the appeals council vacated the 2011 decision and remanded the case. A supplemental hearing was held on April 22, 2104, before a new ALJ, who, in decision dated August 8, 2014, determined that plaintiff was not disabled during the relevant time period. The appeals council denied plaintiff's request for review on September 11, 2015, and the ALJ's August 8, 2014, decision became defendant's final decision with respect to plaintiff's claim. Plaintiff filed the instant action on November 6, 2015, seeking review of defendant's decision.

## DISCUSSION

1. Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must " 'include a narrative discussion describing how the evidence supports each conclusion,' " Monroe v.

2

Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to the Commissioner of Social Security ("Commissioner") at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since April 22, 2009, the alleged onset date of plaintiff's disability. At step two, the ALJ found that plaintiff had the following severe impairments: status-post dog bite to the left ring finger with subsequent surgeries and eventual amputation of that finger, degenerative disc disease to the cervical and lumbar spines, depression, and anxiety with post-traumatic stress disorder ("PTSD"). However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations ("listings" or "listed impairments"). See 20 C.F.R. § 404, Subpt. P, App. 1 [hereinafter "Listing of Impairments"].

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, subject to the following limitations:

> [the claimant] cannot climb ladders, ropes, or scaffolds; she can perform frequent handing and occasional fingering with the non-dominant left hand; she has no limitations using the dominant right hand; and she must work in an environment where there is only casual interaction with the general public and where there are no high production demands.

(Tr. 28 ¶ 5). In making this assessment, the ALJ found plaintiff's statements about the severity of her symptoms not fully credible. At step four, the ALJ concluded plaintiff was unable to perform her past relevant work. At step five, the ALJ found that there are jobs that exist in significant

4

numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B. Analysis

Plaintiff raises three objections to the M&R. Specifically, plaintiff argues that the ALJ: 1) failed to consider her headaches as a severe impairment; 2) improperly evaluated the opinion of Stephen D. Carpenter ("Carpenter"); and 3) improperly evaluated her credibility. After careful consideration, the court overrules each of plaintiff's objections for the reasons set forth below.

 1. The ALJ's Consideration of Plaintiff's Headaches

Plaintiff first objects to the magistrate judge's determination that there was substantial evidence supporting the ALJ's assessment of plaintiff's headaches. Specifically, plaintiff argues that the magistrate erred in finding that plaintiff's headaches did not last for a continuous period of 12 months. Plaintiff also argues that remand is warranted because the ALJ failed to consider her headaches at steps three, four, and five of the sequential evaluation.

Where an ALJ has already determined that a plaintiff suffers from at least one severe impairment, any failure to categorize an additional impairment as severe generally cannot constitute reversible error, because, upon determining that a claimant has one severe impairment, the Secretary must continue with the remaining steps in his disability evaluation. French v. Colvin, No. 7:12-CV-297-FL, 2014 WL 1331031, *3 (E.D.N.C. Mar. 31, 2014) (internal quotations omitted); see 20 C.F.R. §§ 404.1545(a) and 416.945. "Thus, when an ALJ erroneously finds an impairment to be non-severe at step two, there is no prejudice to the claimant if the ALJ sufficiently considers the effects of that impairment at subsequent steps." French, 2014 WL 1331031, *3 (internal quotations omitted).

5

Here, the ALJ found that plaintiff had other severe impairments, so any failure to properly categorize her headaches would justify remand only if the ALJ did not consider this impairment in the remaining steps of the sequential analysis. Plaintiff maintains that the ALJ failed to consider her headaches at the remaining steps. However, this argument is without merit. At step three, the ALJ considered plaintiff's "subarachnoid hemorrhage and subdural hematomas with syncope and headaches" in determining whether she had an impairment or combination of impairments that equals one of the listed impairments. (Tr. 26). The ALJ further considered plaintiff's "three [brain] hemorrhages" and "horrible headaches" in finding that plaintiff has the RFC to perform light work, subject to some restrictions. (Id. 28). At step four, the ALJ concluded that plaintiff could not perform any past relevant work with her RFC, which was based in part on plaintiff's "horrible headaches." (Id.). Finally, at step five, the ALJ concluded that plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Id. 35–36). That determination was based in part on her RFC, which, as previously explained, takes into consideration the limiting effects, if any, of plaintiff's headaches. Therefore, the court adopts the magistrate judge's findings regarding the ALJ's assessment of plaintiff's headaches.

2. The ALJ's Evaluation of Carpenter's Opinion

Next, plaintiff objects to the magistrate judge's determination that there was substantial evidence supporting the ALJ's evaluation of Carpenter's opinion. In lodging this objection, plaintiff points to no specific error on the magistrate judge's part, but instead reiterates her prior arguments. (See DE 21 at 1–2). Upon careful review of the record, the court finds no clear error in the magistrate judge's findings regarding the ALJ's evaluation of Carpenter's opinion. The magistrate judge throughly addresses plaintiff's arguments in the M&R, wherein he analyzes the ALJ's

assessment of Carpenter's opinions and the evidence of record that supports them. For these reasons, the court adopts as its own the magistrate judge's discussion of Carpenter's opinion.

3. The ALJ's Credibility Determination

Lastly, plaintiff argues that the ALJ improperly evaluated her credibility. Like her second objection, plaintiff's third objection points to no particular error on the magistrate judge's part, but rather, restates without substantive elaboration, and in some respects verbatim, arguments made in prior briefing. (See DE 21 at 2). Upon careful review of the record, the court finds that the magistrate judge already has addressed the arguments raised by plaintiff in her objections, and plaintiff raises no new issues for the court's discussion. The magistrate judge thoroughly addressed plaintiff's arguments in the M&R, wherein he analyzes the ALJ's reasons for finding plaintiff's allegations not credible, as well as the import of the objective medical evidence in the record. (See DE 22 at 21–26). "Subject only to the substantial evidence requirement, it is the province of the [ALJ], and not the courts, to make credibility determinations and to resolve ambiguities in the evidence." Mickles v. Shalala, 29 F.3d 918, 929 (4th Cir. 1994). Accordingly, the court adopts as its own the magistrate judge's discussion of plaintiff's credibility.

## CONCLUSION

Upon de novo review of those portions of the M&R to which specific objections have been made, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the recommendation of the magistrate judge. The court DENIES plaintiff's motion for judgment on the pleadings (DE 17), GRANTS defendant's motion for judgment on the pleadings (DE 19), and AFFIRMS the final decision by defendant. The clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of March, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge